HOCHMEISTER-LIND CHEMICAL CO. v. GUND REALTY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8365. Decided May 7, 1928

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

755. MECHANICS' LIENS.

Subcontractor, having received notice to send statement of amount due it from general contractor, which notice it ignored, is estopped to assert lien on property, on default of general contractor.

Appeal from Common Pleas.

Decree for Defendant

Stearns, Chamberlain & Royon, Cleveland, for Hochmeister-Lind Chemical Co.

Mooney, Hahn, Loeser & Keough, Cleveland, for Gund Realty Co.

STATEMENT OF FACTS.

In the court below, the plaintiff brought an action for the purpose of foreclosing a lien upon the property of the defendant below. Gund Realty Co. was the owner of a certain tract of real property, and was desirous of erecting a structure upon said lot of land and for that purpose made a general contract with the E. F. Gibbons Constr. Co., which was to do all the work and furnish all the material used in the construction of said building. The plaintiff was one of the sub-contractors and said material and work necessary for the laying of the floors was furnished by the plaintiff. The record fairly shows that it has not been paid for this material and construction. The Gibbons Co. being insolvent, a lien is sought to be enforced against this property, and the right to said lien is the sole question before the Court.

On the 11th day of December a notice under the statute was served upon all the subcontractors, including the plaintiff in this case, that it should furnish The Gund Co. a statement showing the condition of its account with the Construction Company, as to how much was due and remaining unpaid thereon and other things set up in the letter of notice. All the subcontractors, save only the plaintiff, in response to this notice, notified The Gund Co. of the condition and state of its account with the Gibbons Co. and the amount that remained due at that date upon its contract. Although this same notice was served upon the plaintiff, it made no respense and never notified the Gund Co. of the state or condition of its contract or account with the Gibbons Co.

The record shows that some time subsequent to this, a conversation was had between the managing agent of the plaintiff company and the agent or some one on behalf of the Gund Realty Co. to the effect that it, the plaintiff company, had had many dealings with the Gibbons Constr. Co. and had found that the Gibbons Constr. Co. was liable and always paid its bills. This seems to have been given as a reason why it did not respond to the notice that was given by the Gund Realty Co. to all the subcontractors of the Gibbons Constr. Co.

Early in the year, the plaintiff company furnished the material and did the work of laying the floors. After these floors were laid, the Gund Co., having heard nothing from the plaintiff company, paid to the Gibbons Co. all of the money that was due it under the contract for the laying of these floors, retaining enough money out of the contract price to pay only the claims that had been asserted in response to the notice of December 11th. The plaintiff company tried repeatedly to make the collection from the Constr. Co. and it having failed to so collect, then served notice upon a Mr. Burke, the agent for the general contractor, in accordance with the statute, and then filed an attested account with the county auditor, as the law prescribes, and it is to enforce that lien that this suit is brought.

VICKERY, J.

Now the question is, under the circumstances of this case, after this notice of December 11th was sent out and the contract at that time existing between Gibbons Co. and the plaintiff company, which notice was ignored by the plaintiff company, although acquiesced in by all the other subcontractors, whether, by reason of the fact of the subsequent conversation between the agent of the plaintiff company and the Gund Co., it got the impression that the plaintiff was looking to the Gibbons Co. solely for its pay, trusting it and thus misleading the Gund Co. to such an extent that it, without any knowledge or notice of any claim being made by the plaintiff company for funds in its hands that might be due the Gibbons Co., thereafter could assert a claim that, by reason of its conduct, it enabled the Gibbons Co. to draw this money and appropriate it to its own use,—I say, the question is whether, under such circumstances, the plaintiff company is entitled to a lien.

Now it seems to us that under the record in this case, after the attention had been called to the fact that the Gund Co. wanted to know the condition of the accounts of the various subcontractors and the account that was due upon each contract, it was the duty of the subcontractors, if they wanted to hold the funds for the payment of the account that was due such contractor, to have responded in some way to the Gund Co.'s notice, and not having done so, the Gund Co. might rely upon the fact that it trusted the contractor alone and thus enabled the Gibbons Co. to draw money which otherwise would have been held back for the payment of the subcontractor's claim.

This theory is borne out by the conversation already alluded to that took place between these parties. Now the record is conclusive that the Gund Co. paid the entire contract price and, so far as it appears, in accordance with the contract between it and the construction company, not before it was due, not before the work was done, but in accordance with the specifications, without any knowledge or notice from the plaintiff company that it had not been

paid, or that it expected to get paid out of the fund that was due from the realty company to the construction company.

We think the action of the plaintiff in this respect amounted to an estoppel, so that it would be inequitable, after the money had all been paid to the Gibbons Co. by the Gund Co., to again make the Gund Co. pay the same amount to the plaintiff company. Such a judgment we think would be inequitable and not warranted by the facts in this case.

We think, under all the circumstances of this case the plaintiff is not entitled to a recovery against the defendant and the enforcement of the lien, and the judgment therefore will be for the defendant, and a decree may be drawn embodying these views.

Decree for defendant, order see journal. (Sullivan, PJ., and Levine, J., concur.)